Kathleen S. O'Neill
Joseph Chandra Mazumdar
Brian E. Hanna
Robert A. Lepore
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, DC  20530
Tel: (202) 307-2931
Fax: (202) 307-2874
Email: kathleen.oneill@usdoj.gov
Email: chan.mazumdar@usdoj.gov
Email: brian.hanna2@usdoj.gov
Email: robert.lepore@usdoj.gov

Tai Milder
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, room 10-0101
Tel: (415) 934-5300
Fax: (415) 934-5399
Email: tai.milder@usdoj.gov

*Attorneys for Plaintiff United States of America*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>VA PARTNERS I, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-01672 (WHA)<br><br>~~[PROPOSED]~~ **FINAL JUDGMENT** |

Case No. 16-cv-01672 (WHA)
~~[PROPOSED]~~ FINAL JUDGMENT

WHEREAS, Plaintiff, the United States of America ("United States") filed its Complaint on April 4,2016, alleging that VA Partners I, LLC, ValueAct Capital Master Fund, L.P., and ValueAct Co-Invest International, L.P. (collectively, "ValueAct" or "Defendants") violated Section 7A of the Clayton Act, 15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976 (the "HSR Act"), and Plaintiff and Defendants, by their respective attorneys, having consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or law, and without this Final Judgment constituting any evidence against, or an admission by, the Defendants with respect to any such issue of fact or law;

AND WHEREAS Defendants agree to be bound by the provisions of this Final Judgment pending its approval by the Court;

NOW, THEREFORE, before any testimony is taken, and without trial or adjudication of any issue of fact or law, and upon consent of the parties, it is hereby ORDERED, ADJUDGED, AND DECREED:

## I. Jurisdiction

The Court has jurisdiction over the subject matter of this action.  The Defendants consent solely for the purpose of this action and the entry of this Final Judgment that this Court has jurisdiction over each of the parties to this action and that the Complaint states a claim upon which relief can be granted against the Defendants under Section 7A of the Clayton Act, 15 U.S.C. § 18a.

## II. Definitions

As used in this Final Judgment:

(A)  "Covered Acquisition" means an acquisition of Voting Securities of an Issuer that is subject to the reporting and waiting requirements of the HSR Act, 15 U.S.C. § 18a, and that is not otherwise exempt from the requirements of the HSR Act, but for which Defendant have not reported under the HSR Act, in reliance on the exemption pursuant to Section (c)(9) of the HSR Act, 15 U.S.C. § 18a(c)(9).

(B)  "Issuer" means a legal entity that issues Voting Securities.

Case No. 16-cv-01672
[PROPOSED] FINAL JUDGMENT

2

(C)  "Officer or Director" means (1) the members of the Issuer's board of directors; (2) those persons whose positions are designated by the bylaws or articles of incorporation of the Issuer, its parent, or any subsidiary of the Issuer; or (3) those persons whose positions are appointed by the board of the Issuer, its parent, or any subsidiary of the Issuer.  If there are no persons who meet the criteria listed above, "Officer or Director" means those individuals whose capacities and duties are similar to the officers or directors of a corporation, including deciding whether to make the acquisition or sale of a business.  Notwithstanding the foregoing, Officer or Director shall not include any persons whose job responsibilities primarily relate to investor relations.

(D)  The terms "Person(s)" and "Voting Securities" have the meanings as defined in the HSR Act and Regulations promulgated thereunder, 16 C.F.R. §§ 801-803.

(E)  "Propose" means communicating a plan of action for consideration, discussion or adoption.

(F)   "ValueAct Partners I, LLC" means Defendant ValueAct Partners I, LLC, a limited liability company and general partner of Defendants ValueAct Master Capital Fund, L.P. and ValueAct Co-Invest International, L.P., organized under the laws of Delaware, with its principal place of business at One Letterman Drive, San Francisco, CA 94129.

(G)  "ValueAct Master Capital Fund, L.P." means Defendant ValueAct Master Capital Fund, L.P., an offshore fund organized under the laws of the British Virgin Islands, with its principal place of business at One Letterman Drive, San Francisco, CA 94129.

(H)  "ValueAct Co-Invest International, L.P." means Defendant ValueAct Co-Invest International, L.P., an offshore fund organized under the laws of the British Virgin Islands, with its principal place of business at One Letterman Drive, San Francisco, CA 94129.

### III. Applicability

This Final Judgment applies to all Defendants, including each of their directors, officers, general partners, managers, agents, parents, subsidiaries, successors, and assigns, all in their capacities as such, and to all other Persons and entities that are in active concert or participation with any of the foregoing with respect to conduct prohibited in Section IV when the relevant

Case No. 16-cv-01672
[PROPOSED] FINAL JUDGMENT

Persons or entities have received actual notice of this Final Judgment by personal service or otherwise.

### IV. Prohibited Conduct

Each Defendant is enjoined from making a Covered Acquisition, without filing and observing the waiting period as required by the HSR Act, 15 U.S.C. § 18a, if at the time of such Covered Acquisition (i) the Defendant intends to take any of the below actions, or (ii) the Defendant's investment strategy specific to such Covered Acquisition identifies circumstances in which the Defendant may take any of the below actions:

(A)  Propose to an Officer or Director of the Issuer that the Issuer merge with, acquire, or sell itself to another Person;

(B)  Propose to an Officer or Director of any other Person in which the Defendant owns Voting Securities or an equity interest the potential terms on which that Person might merge with, acquire, or sell itself to the Issuer;

(C)  Propose to an Officer or Director of the Issuer new or modified terms for any publicly announced merger or acquisition to which the Issuer is a party;

(D)  Propose to an Officer or Director of the Issuer an alternative to a publicly announced merger or acquisition to which the Issuer is a party, either before consummation of the publicly announced merger or acquisition or upon its abandonment;

(E)  Propose to an Officer or Director of the Issuer changes to the Issuer's corporate structure that require shareholder approval; or,

(F)  Propose to an Officer or Director of the Issuer changes to the Issuer's strategies regarding the pricing of the Issuer's product(s) or service(s), its production capacity, or its production output.

### V. Compliance

(A)      Defendants shall maintain a compliance program that shall include designating, within thirty (30) days of the entry of this Final Judgment, a Compliance Officer with responsibility for achieving compliance with this Final Judgment.  The Compliance Officer shall,

Case No. 16-cv-01672
[PROPOSED] FINAL JUDGMENT

4

on a continuing basis, supervise the review of current and proposed activities to ensure compliance with this Final Judgment.  The Compliance Officer shall be responsible for accomplishing the following activities:

(1) Distributing, within thirty (30) days of the entry of this Final Judgment, a copy of this Final Judgment to any Person who has responsibility for or authority over acquisitions by Defendants of Voting Securities;

(2) Distributing, within thirty (30) days of succession, a copy of this Final Judgment to any Person who succeeds to a position described in Section V.A.1; and

(3) Obtaining within sixty (60) days from the entry of this Final Judgment, and once within each calendar year after the year in which this Final Judgment is entered during the term of this Final Judgment, and retaining for the term of this Final Judgment, a written certification from each Person designated in Sections V.A.1 and V.A.2 that he or she: (a) has received, read, understands, and agrees to abide by the terms of this Final Judgment; (b) understands that failure to comply with this Final Judgment may result in conviction for criminal contempt of court; and (c) is not aware of any violation of the Final Judgment.

(B)     Within sixty (60) days of the entry of this Final Judgment, Defendants shall certify to Plaintiff that they have (1) designated a Compliance Officer, specifying his or her name, business address and telephone number; and (2) distributed the Final Judgment in accordance with Section V.A.1.

(C)     If any of Defendants' directors or officers or the Compliance Officer learns of any violation of this Final Judgment, Defendants shall within ten (10) business days make a corrective filing under the HSR Act.

## VI. Plaintiff's Access and Inspection

(A)     For the purpose of determining or securing compliance with this Final Judgment, and subject to any legally recognized privilege, duly authorized representatives of the United States Department of Justice shall, upon written request of a duly authorized representative of the

Case No. 16-cv-01672
[PROPOSED] FINAL JUDGMENT

Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Defendants, be permitted:

> (1) Access during Defendants' office hours to inspect and copy, or at Plaintiff's option, to require Defendants to provide copies of all records and documents in their possession or control relating to any matters contained in this Final Judgment; and

> (2) To interview, informally or on the record, Defendants' directors, officers, employees, agents or other Persons, who may have their individual counsel present, relating to any matters contained in this Final Judgment.  The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendants.

(B)    Upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, Defendants shall submit written reports, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

(C)    No information or documents obtained by the means provided in this Final Judgment shall be divulged by the Plaintiff to any person other than an authorized representative of the executive branch of the United States or of the Federal Trade Commission, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

(D)    If, at the time information or documents are furnished by Defendants to Plaintiff, Defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1) of the Federal Rules of Civil Procedure, and Defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure," then the United States shall give ten (10) calendar days' notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding) to which Defendants are not a party.

Case No. 16-cv-01672
[PROPOSED] FINAL JUDGMENT

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### VII. Civil Penalty

Judgment is hereby entered in this matter in favor of Plaintiff United States of America and against Defendants, and, pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74 § 701 (amending the Federal Civil Penalties Inflation Adjustment Act of 1990), and Federal Trade Commission Rule 1.98, 16 C.F.R. 1.98, 81 Fed. Reg. 42,476 (June 30, 2016), Defendants are hereby ordered to pay a civil penalty in the amount of eleven million dollars ($11,000,000). Payment of the civil penalty ordered hereby shall be made by wire transfer of funds or cashier's check. If the payment is made by wire transfer, Defendants shall contact Janie Ingalls of the Antitrust Division's Antitrust Documents Group at (202) 514-2481 for instructions before making the transfer. If the payment is made by cashier's check, the check shall be made payable to the United States Department of Justice and delivered to:

Janie Ingalls

United States Department of Justice

Antitrust Division, Antitrust Documents Group

450 5th Street, NW, Suite 1024

Washington, D.C. 20530

Defendants shall pay the full amount of the civil penalties within thirty (30) days of entry of this Final Judgment. In the event of a default in payment, interest at the rate of eighteen (18) percent per annum shall accrue thereon from the date of default to the date of payment.

### VIII. Retention of Jurisdiction

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify or terminate any of its provisions, to enforce compliance, and to punish any violations of its provisions.

### IX. Expiration of Final Judgment

This Final Judgment shall expire ten (10) years from the date of its entry.

Case No. 16-cv-01672
[PROPOSED] FINAL JUDGMENT

7

## X. Costs

Each party shall bear its own costs.

## XI. Public Interest Determination

The entry of this Final Judgment is in the public interest.  The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, and any comments thereon and the United States' responses to comments.  Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

DATED:   November 1, 2016.

Court approval subject to the
Antitrust Procedures and Penalties Act,
15 U.S.C. § 16

_____
Hon. William Alsup
United States District Judge

Case No. 16-cv-01672
[PROPOSED] FINAL JUDGMENT

8